IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA           :
                                   :
                                   :
              v.                   :   Case 1:00-CR-0063-2
                                   :        1:00-CR-0216-0
ROMEAL PRICE,                      :
         Defendant                 :


TRANSCRIPT OF PROCEEDINGS

SENTENCING

**FILED**
HARRISBURG, PA
OCT 2 4 2006
MARY E. D'ANDREA, CLERK
Per _____
              Deputy Clerk


BEFORE:    HON. SYLVIA H. RAMBO, Judge

DATE:      February 2, 2001

PLACE:     Courtroom Number Three
           Federal Building
           Harrisburg, Pennsylvania



COUNSEL PRESENT:

ERIC PFISTERER, Assistant United States Attorney
   For - Plaintiff

BRIAN W. PERRY, Esquire
   For - Defendant




                                   Vicki L. Fox, RMR
                                   Official Reporter

Sentencing                     2

1          THE COURT:  Mr. Pfisterer, what I propose to do

2    is take each one separately starting with Criminal 63-00-02

3    which is the Pennsylvania case.

4          MR. PFISTERER:  Yes, ma'am.

5          THE COURT:  Then take each one separately and

6    address the problems therein.  Go ahead.

7          MR. PFISTERER:  Your Honor, I don't believe there

8    were any objections of substance to 063.  There was concern

9    about the statements made by Shiquan Smith about the threat.

10   They don't affect the Guidelines.  He is unavailable in the

11   sense that he --

12         THE COURT:  It might affect it, but it wouldn't

13   affect his ultimate sentencing.

14         MR. PERRY:  That's correct.

15         THE COURT:  Okay.  Let's start with that.

16   Mr. Price, you have reviewed the presentence report in

17   Criminal Number 00-63-02 which is the interstate travel in

18   aid of racketeering; correct?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And your counsel has filed an

21   objection to paragraphs 19 and 29 concerning the

22   characterization of your treatment of Shiquan Smith.

23   Actually, the resolution of that would be moot because it

24   would not affect your sentencing.

25         So I would ask your counsel to at this point

Sentencing                                                 3

1    address this particular charge.

2          MR. PERRY:  May it please the Court, good

3    morning.

4          THE COURT:  Good morning, sir.

5          MR. PERRY:  Mr. Price has from the time that we

6    received the initial presentence report and then the amended

7    presentence report denied that he threatened Shiquan Smith.

8          If you read this presentence report carefully,

9    Mr. Price admits to many things, drug dealing for many

10   years, guns, talking to other witnesses, etcetera.  He has

11   always adamantly maintained to me and through me to the

12   Court that he did not threaten Shiquan Smith.

13         I have explained to him that we will object to

14   that characterization in the report because of what he said

15   to me, but I also explained to him several times that it

16   really doesn't matter in the end because he will undoubtedly

17   receive the statutory maximum ten years, five years and a

18   consecutive five years for these two counts.  And he

19   understands that based upon his record.

20         I can put him on the record if Your Honor

21   desires, and he can deny that he did so.  But as his lawyer,

22   I have told him that whether he did or he didn't at this

23   point, it doesn't make any difference in this case because

24   he will get the 120 months we believe.

25         Does that suffice?

Sentencing                               4

1      THE COURT:  Even if I would accept your version,

2  it would not affect your sentence.  Do you understand?

3      THE DEFENDANT:  Yes.

4      THE COURT:  All right.  That is fine.  Do you

5  have anything further?

6      MR. PERRY:  On this case, no, we do not, Your

7  Honor.

8      THE COURT:  Mr. Price, address anything you have

9  to say about this offense, not the other one which we will

10  take up afterwards.

11      MR. PERRY:  Do you have anything to say about

12  this particular case?  My suspicion is you do not.  You want

13  to address the gun charge and the sentencing on that because

14  what we have talked about because you know you are going to

15  get a five and five.

16      Do you wish to address Your Honor about this

17  case?

18      THE DEFENDANT:  What?

19      MR. PERRY:  Anything about the two interstate

20  trafficking cases?

21      THE DEFENDANT:  No, Your Honor.

22      THE COURT:  Mr. Pfisterer?

23      MR. PFISTERER:  Nothing, Your Honor.

24      THE COURT:  With regard to this criminal number

25  AND NOW this second day of February, the year 2001, pursuant

1   to the Sentencing Reform Act of 1984, it is the judgment of

2   the Court that the Defendant Romeal Price is hereby

3   committed to the custody of the Bureau of Prisons to be

4   imprisoned for a term of 120 months.  This term consists of

5   terms of 60 months on each of Counts One and Two to be

6   served consecutively.

7        The Court finds that the Defendant has some

8   ability to pay a fine.  Accordingly, it is further ordered

9   that the Defendant pay to the United States the sum of

10  $1,000.00 consisting of a fine of $400.00 and a special

11  assessment of $100.00 on each count.

12       The fine and special assessment shall be paid

13  through the Clerk of Court, are due in full immediately and

14  are payable during the period of incarceration with any

15  balance to be paid within two years of release from custody.

16       Upon release from imprisonment, the Defendant

17  shall be placed on supervised release for a term of three

18  years.

19       Within 72 hours of release from the custody of

20  the Bureau of Prisons, the Defendant shall report in person

21  to the Probation Office in the District to which the

22  Defendant is released.

23       While on supervised release, the Defendant shall

24  comply with the standard conditions that have been adopted

25  by this Court and with the following additional condition:

Sentencing                                    6

1    The Defendant shall pay any balance of the fine imposed by

2    this judgment to which remains unpaid at the commencement of

3    the term of supervised release in minimum monthly

4    installments of no less than $50.00.

5            The Defendant shall submit to one drug test

6    within 15 days of release from custody and at least two

7    periodic drug tests thereafter.

8            The following statement of reasons is placed on

9    the record for the sentence that has been imposed:  The

10   Court adopts the factual findings and the guideline

11   application in the presentence report.  The fine is below

12   the guideline range because of the Defendant's inability to

13   pay.  The sentence is within the guideline range.  That

14   range does not exceed 24 months, and the Court finds no

15   reason to depart from the sentence called for by the

16   application of the guidelines.

17           Now, Mr. Price, with regard to this particular

18   sentence, you can appeal your conviction if you believe that

19   your guilty plea was somehow unlawful or involuntary or that

20   there was some other fundamental defect in these proceedings

21   that was not waived by your guilty plea.

22           You also have a statutory right to appeal your

23   sentence under certain circumstances, particularly if you

24   think your sentence is contrary to law.  However, a

25   Defendant may waive these rights as part of a plea

Sentencing                                        7

1    agreement.

2              You have entered into a plea agreement which

3    waives some or all of your rights to appeal the sentence

4    itself.  Such waivers are generally enforceable.  But if you

5    believe that your waiver is unenforceable, you can present

6    that theory to the Court of Appeals.

7              You have the right to appeal within ten days of

8    this date.  You are represented by Court-appointed --

9              MR. PERRY:  Yes, Your Honor.

10             THE COURT:  Your current counsel will continue to

11   represent you on appeal should you wish to take an appeal.

12   You may also request the Clerk of Court to prepare and file

13   a notice of appeal on your behalf.

14             Were you going to say something?

15             MR. PERRY:  No, Your Honor.

16             THE COURT:  We are going to the other sentencing.

17   Let's address Criminal 00-216-01, which is the drug count.

18   There were several objections made in that regard.

19             The first one is paragraph twelve which was a two

20   level enhancement because of the fact that the firearm had

21   an obliterated serial number.

22             Do you wish to argue on that?

23             MR. PERRY:  May it please the court, before we go

24   into the specifics, may I just say something generally about

25   this, or would you rather focus in on the exact objections

Sentencing                          8

1    first?

2              THE COURT:  Well, there are one, two, three

3    objections.  The second one is rather complex.  The third

4    one will be resolved.

5              MR. PERRY:  We may not need to get to the

6    objections.

7              THE COURT:  Then go ahead.

8              MR. PERRY:  Just in good faith to Mr. Price, I

9    would just say on the record that legally, I made two

10   mistakes in representing him in this case, both of which I

11   think -- one of which has been rectified.

12             The multiple count enhancement -- originally

13   these two cases were put together.  There was a multiple

14   count enhancement.  Mr. Vought then divided the two cases

15   which is what we asked for with two sets of guidelines.

16             THE COURT:  That is what I instructed to do.

17             MR. PERRY:  My first mistake has been remedied.

18   The second mistake was believing the two counts merged in

19   this case for sentencing purposes.  Instead of a 15-year

20   statutory maximum, which quite frankly I think Mr. Vought is

21   correct, they do no merge legally, but Mr. Price was under

22   the belief that they merged because of me, because of

23   Mr. Pfisterer, because of what was said in court I believe.

24             THE COURT:  Maybe this will resolve the whole

25   thing.  I don't intend to give him that fifteen, but there

Sentencing                                                                    9

1    will be a consecutive sentence so you are aware of that.

2         He will be given the benefit of the doubt to the

3    ten year as opposed to the fifteen.

4         MR. PERRY:  Yes, Your Honor.

5         THE COURT:  That will be resolved because of the

6    fact that he was under that belief, I will honor that

7    belief.

8         MR. PERRY:  May I explain that to him?

9         THE COURT:  Before you do that, however, there is

10   also the additional problem that this will run consecutive,

11   not concurrent, just so you are aware of that.

12        MR. PERRY:  The next question would be would you,

13   Your Honor, allow an argument on running a portion of it

14   concurrent and a portion consecutive if that is allowed?

15   Because now I am in a dilemma with Mr. Price in that these

16   two cases were not reliant on each other.

17        In other words, the sole reason why I recommended

18   to him that he Rule 20 these charges down here was under the

19   assumption that the Assistant United States Attorney from

20   the Southern District of New York was going to recommend a

21   concurrent sentence.  Mr. Pfisterer was going to adopt that

22   recommendation.

23        I remember vividly a discussion in the Marshal's

24   holding cell between Mr. Pfisterer and myself, Assistant

25   Public Defender Lori Ulrich, Gerald Price, Mr. Price's

1    brother, Mr. Price.  And we all talked about this

2    recommendation.  And in good faith to him again, I said if

3    they are going to recommend a concurrent sentence and

4    Mr. Pfisterer is going to recommend a concurrent sentence,

5    this is in your best interest.  Let's get these done.

6            Now I am in an ethical dilemma because if Your

7    Honor intends to impose a consecutive sentence, I feel like

8    I haven't done him justice by recommending this.  It is an

9    awkward position as a lawyer to be in.

10           This gentleman is certainly no saint.  He

11   certainly has a lengthy record.  If you read him on paper,

12   it is one thing.  But as the lawyer, I feel that I would

13   never have made that recommendation had I anticipated a

14   consecutive sentence.

15           I would have said go back to New York, face your

16   medicine there.  Take your ten years here.  If they are

17   going to run it concurrent, the most you can get at this

18   point is 15 years.  And now he is looking at 20 years.  And

19   that as a lawyer is difficult for me to swallow.

20           On the other hand --

21           THE COURT:  On the other hand, what you have been

22   able to gain for him by your plea bargaining with the

23   government, he was facing thirty to life, so he is getting a

24   20-year benefit already.  Go ahead.  I am sorry.  I

25   interrupted.

1      MR. PERRY:  You are right.  On the other hand, we

2  have talked about this watch what you ask for.  We asked for

3  separate guidelines.  In my motion to withdraw, we said he

4  believed that his statutory maximum was ten years on these

5  gun charge.

6      He knew -- at least I think he knew that Your

7  Honor had the option to run them concurrent or consecutive.

8      THE COURT:  Right.  He understood it was an

9  option.

10     MR. PERRY:  I believe so, and he is nodding yes.

11 I believe he did.  Again, you have to put it in the context

12 of the discussion in the Marshal's with all the attorneys.

13 Because remember the purpose of that meeting.  The purpose

14 was Mr. Price did not believe that his brother Gerald would

15 ever testify against him.

16     I suggested to Mr. Pfisterer with Assistant

17 Federal Public Defender Ulrich let's get them together.  As

18 soon as Mr. Price was aware that his brother was in fact

19 going to testify against him, he said I will plead guilty to

20 the two interstate travel counts.  I agree with you.  My

21 brother will.

22     Then we said wait a minute.  What about these gun

23 charges from New York?  Mr. Pfisterer made the call and came

24 back in and said -- for the record, Mr. Pfisterer has been

25 fabulous.  He has been honest and forthright in this case as

1    he always is with me.  My issue is not with him.

2          But it is with my representation and my things

3    that I said to Mr. Price that I said just get it done.

4    Let's get it done in one swoop.  You don't have to worry

5    about what happens in New York then.  Get it done here.

6          But I made that recommendation with the

7    understanding that a concurrent recommendation would be

8    made.  Even though it was up to Your Honor, the whole

9    substance, the whole gist of that conversation was that it

10   seemed more likely than not that that was what would happen.

11   I don't know if Mr. Pfisterer agrees with that.

12          MR. PFISTERER:  Your Honor, if I could just

13   briefly.  I appreciate Mr. Perry's concern because he is an

14   extremely conscientious attorney on behalf of whatever

15   client he is representing.

16          His concern before the Court though is just that,

17   his concerns.  That certainly was the factual discussion.  I

18   have no dispute at all with that.  But the Court in taking

19   Mr. Price's plea informed him -- and I think it was clear on

20   the record -- that the decision even though we would

21   recommend concurrent time, and that that was the defense's

22   hope, that it was up to Your Honor to decide ultimately

23   whether it would be concurrent or consecutive.  The maximum

24   punishment he could receive in his own words was 20 years.

25          He believed an additional ten was possible on top

Sentencing                          13

1    of what he was hoping for, but he understood that when he

2    pled.

3              So the fact that Your Honor has come out at this

4    early stage in the presentence report and indicated where

5    you intend to go doesn't change the fact that the Court has

6    the authority to go either way on that issue, but has chosen

7    to go consecutive.

8              I am not sure that creates -- I understand it

9    creates concern on the Defendant's behalf, but I don't

10   believe that there is anything for the Court to do to

11   address that other than make the decision that the Court

12   would have made in any event.

13             MR. PERRY:  Perhaps -- I am sorry.

14             (The Judge confers with Mr. Kosheba.)

15             THE COURT:  We might be able to resolve this.  Do

16   you have anything further?

17             MR. PERRY:  No.  Well, he would like to address

18   --

19             THE COURT:  I know.  I understand that.

20             MR. PERRY:  Anything else on my points, no.

21             THE COURT:  So what I need to do is whether or

22   not to resolve the objections that are currently before me.

23   Quite frankly, the number one objection, the presentence

24   report is correct in its application of 2K2.1(a)7 and the

25   application of 12 2K2.1.

1          On objection number two concerning what you

2     considered to be double counting, I followed the process

3     through the guidelines, and I am satisfied that that is

4     appropriately calculated.  It is not double counting.

5          And number three, which is the application of

6     maximum penalty of 15 years, I think I can resolve that.

7          MR. PERRY:  Yes, Your Honor.

8          THE COURT:  Mr. Price, do you wish to address the

9     Court on this offense?

10          THE DEFENDANT:  On both of them?

11          THE COURT:  I want just this offense.  You had a

12     chance to speak on the Pennsylvania offense.  I just want

13     your comments on the New York offense.

14          MR. PERRY:  Tell Her Honor why you are in this

15     position.

16          THE DEFENDANT:  I am in this position because all

17     my life, I have been bad.  I have been around bad influences

18     all my life.  That is all I know basically.

19          I really don't -- I really never had a job or

20     never tried to do none of that, you know.  Hopefully in the

21     future, I will get a chance to try.  Up to like right now, I

22     still don't know.  That is all I know is to do bad things,

23     to sell drugs and carry guns.  Hopefully when I do go to

24     jail or whatever, I can learn.

25          MR. PERRY:  May I make a few points too, Your

Sentencing                                    15

1    Honor?

2            THE COURT:  Hold on a minute.  Go ahead.

3            MR. PERRY:  May it please the Court, just some

4    final few thoughts.  He is 23 years of age, and he does have

5    three children.  He has come from a broken home.

6            You can see in the presentence report it says

7    that he lived on his own in a life of crime is an

8    understatement certainly.  I would suggest that federal

9    prison is the appropriate place for him in the short term,

10   and he can get the help hopefully that he needs, and maybe

11   some education and maybe some training there.

12           I will remind Your Honor that in the psychiatric,

13   psychological evaluation that his diagnosis was he had

14   limited intellectual abilities.  He has been completely

15   reliant on me to guide him through this process.  I have

16   acknowledged my blunders, both of which I think have now

17   been remedied.

18           I would also say, too, on his behalf if you look

19   at his presentence report that he was very candid in his

20   admissions of his involvements in these cases and did not

21   hide anything we submit to Mr. Vought.

22           Lastly, I hope Your Honor will consider the

23   sentences imposed for his co-defendants.  Most importantly,

24   his brother Gerald who received 168 months of imprisonment.

25   And if you asked Mr. Vought -- and we have had a number of

Sentencing                                    16

1   conversations; he is not here today.  If you asked the

2   agents, I think they consider Romeal Price the leader of

3   this outfit.

4           But that doesn't make sense because he is the

5   brother with the limited intellectual abilities.  He is the

6   one having difficulty reading and writing.

7           THE COURT:  But he is the mean one.  Go ahead.

8           MR. PERRY:  I found him grumpy at times.  He was

9   a little unhappy with me at times.  But in any event --

10          THE COURT:  Go ahead.

11          MR. PERRY:  I just hope Your Honor will consider

12  some parity in these sentences.  I would argue that a

13  partial concurrent, partial consecutive sentence may be the

14  middle ground which is the appropriate resolution in this

15  case.

16          My gut feeling is that Mr. Pfisterer would not

17  have an objection to a sentence like that, nor would

18  Mr. Price based on our conversations.  And all I am asking

19  is that he be treated fairly based on all of the facts and

20  circumstances.  That is all we have.

21          THE COURT:  Mr. Pfisterer, I am anxious to hear

22  your position.

23          MR. PFISTERER:  Your Honor, my position is what

24  we previously stated on the record.  And that is when we

25  consulted on this case with the Southern District of New

Sentencing                                        17

1    York, they indicated that if Mr. Price had come to New York

2    and pled, that they would have recommended -- as long as he

3    agreed to plead straight up, they would recommend a

4    concurrent sentence.

5            So I have to believe they expected that he would

6    get somewhere around an additional five years out of this,

7    but that their recommendation would be concurrent.  And

8    therefore, that is my recommendation today.

9            THE COURT:  You have had so many breaks in this

10   case, I guess I will give you one more.

11           AND NOW this second day of February, the year

12   2001, the Defendant appearing in court for purposes of

13   sentencing, pursuant to the Sentencing Reform Act of 1984,

14   it is the judgment of the Court that the Defendant Romeal

15   Price is hereby committed to the custody of the Bureau of

16   Prisons to be imprisoned for a term of 120 months.

17           This term consists of 120 months on Count One and

18   60 months on Count Two to be served concurrently with each

19   other.  This sentence is to commence upon service of five

20   years of the sentence imposed in Pennsylvania Case Number

21   1:CR-00-063-02.

22           The Court finds that the Defendant has some

23   ability to pay a fine.  Accordingly, it is further ordered

24   that the Defendant pay to the United States the sum of

25   $1,000.00 consisting of a fine of $400.00 and a special

1    assessment of $100.00 on each count.  The fine and special

2    assessment shall be paid through the Clerk of Court, are due

3    in full immediately and are payable during the period of

4    incarceration with any balance to be paid within two years

5    of release from custody.

6           Upon release from imprisonment, the Defendant

7    shall be placed on supervised release for a term of three

8    years.

9           Within 72 hours of release from the custody of

10   the Bureau of Prisons, the Defendant shall report in person

11   to the Probation Office in the District to which the

12   Defendant is released.

13          While on supervised release, the Defendant shall

14   comply with the standard conditions that have been adopted

15   by this Court and with the following additional condition:

16   The Defendant shall pay any balance of the fine imposed by

17   this judgment which remains unpaid at the commencement of

18   the term of supervised release in minimum monthly

19   installments of no less than $50.00.

20          The Defendant shall submit to one drug test

21   within 15 days of release from custody and at least two

22   periodic drug tests thereafter.

23          The following statement of reasons is placed on

24   the record for the sentence that has been imposed:  The

25   Court adopts the factual findings and the guideline

1    application in the presentence report.  The fine is below

2    the guideline range because of the Defendant's inability to

3    pay.

4             The sentence departs from the guideline range for

5    the following reasons:  The Defendant pled guilty believing

6    that his combined maximum statutory exposure was ten years

7    and not fifteen.

8             In fairness to the Defendant, the Court departs

9    under United States Sentencing Guideline section 5K2.0 on

10   the basis that the Sentencing Commission did not contemplate

11   this unusual situation.

12            Now, again, Mr. Price, you can appeal your

13   conviction on this charge if you believe that your guilty

14   plea was somehow unlawful, or involuntary, or that there was

15   some other fundamental defect in these proceedings that was

16   not waived by your guilty plea.

17            You also have a statutory right to appeal your

18   sentence under certain circumstances, particularly if you

19   think the sentence is contrary to law.  You have ten days

20   from this day in which to file a notice of appeal.

21   Mr. Perry will continue to represent you without cost should

22   you desire to take an appeal.

23            The Clerk of Court can also prepare and file a

24   notice of appeal on your behalf.

25            Anything you need to do pursuant to the plea

1    agreement, Mr. Pfisterer?

2              MR. PFISTERER:  Your Honor, I believe with

3    respect to Romeal Price, the original indictment, we move to

4    dismiss that.

5              THE COURT:  It is so ordered.  Looks like it is

6    going to be fifteen.

7              MR. PERRY:  Your Honor's intention was an

8    aggregate sentence of 15 years; is that correct?

9              THE COURT:  Yes.  The sentence will begin to run

10   after he serves five years on the Pennsylvania which means

11   he will have an additional five years after the second.

12             MR. PERRY:  Thank you.  Go luck.

13             THE CLERK:  Court is adjourned.

14             (Whereupon, the proceedings were concluded.)

15

16

17

18

19

20

21

22

23

24

25

1

2          I hereby certify that the proceedings and

3     evidence are contained fully and accurately in the notes

4     taken by me on the trial of the above cause, and that this

5     copy is a correct transcript of the same.

6

7                              *Vicki L. Fox, RMR*

8                              Vicki L. Fox, RMR

9                              Official Reporter

10

11

12          The foregoing certification of this transcript

13     does not apply to any reproduction by any means unless under

14     the direct control and/or supervision of the certifying

15     reporter.

16

17

18

19

20

21

22

23

24

25